J-S44034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT MYER, | : | |
| | : | |
| Appellant | : | No. 2083 EDA 2015 |

Appeal from the PCRA Order June 11, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0410601-2000

BEFORE: FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 01, 2016**

Robert Myer ("Myer") appeals, *pro se*, from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 18, 2001, a jury found Myer guilty of second-degree murder, robbery, conspiracy, and possession of an instrument of crime. On that same date, the trial court sentenced Myer to life in prison on the murder charge and an aggregate concurrent term of ten to twenty years in prison on the remaining charges. On February 14, 2003, this Court affirmed Myer's judgment of sentence. *See Commonwealth v. Myer*, 821 A.2d 135 (Pa. Super. 2003) (unpublished memorandum). Myer did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

In November 2003, Myer filed his first PCRA Petition. The PCRA court denied the Petition, and this Court affirmed the denial. *See*

*Commonwealth v. Myer*, 11 A.3d 1014 (Pa. Super. 2010) (unpublished memorandum). On April 4, 2011, Myer filed his second PCRA Petition, in which he argued that he was not timely informed of this Court's decision regarding his first PCRA Petition. The PCRA court reinstated Myer's right to file a petition for allowance of appeal, which was subsequently denied by the Supreme Court of Pennsylvania on October 18, 2012. *See Commonwealth v. Myer*, 55 A.3d 1049 (Pa. 2012).

On January 7, 2013, Myer filed the instant PCRA Petition, his third. The PCRA court entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, after which Myer filed a response raising the issue of timeliness. The PCRA court determined that Myer satisfied the governmental interference exception to the PCRA time bar pursuant to 42 Pa.C.S.A. § 9545(b)(1) because counsel failed to notify Myer of the 2012 denial of his Petition for Allowance of Appeal. Upon further review, the PCRA court ruled that the Petition had no merit, and subsequently dismissed the Petition on June 11, 2015. Myer then filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Myer's judgment of sentence became final on March 17, 2003, when the time to seek review with the Supreme Court of Pennsylvania expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Myer had until March 17, 2004, to file a timely PCRA Petition. Therefore, Myer's instant PCRA Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time limitation, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the

Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Here, the PCRA court improperly determined that Myer's Petition invoked the governmental interference exception to the time bar pursuant to 42 Pa.C.S.A. § 9545(b)(1). It is well-settled that defense counsel is not considered a government official for the purpose of the governmental interference exception. *See Commonwealth v. Pursell*, 749 A.2d 911, 916 (Pa. 2000).

Moreover, Myer did not properly preserve this exception, as he failed to raise it in his PCRA Petition. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (stating that issues not raised in a PCRA petition will not be considered on appeal); *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (stating that "it is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar and that burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply"). Further, the fact that Myer raised this claim for the first time in reply to the PCRA court's Pa.R.Crim.P. 907 Notice of Intent to Dismiss does not preserve the governmental interference exception. *See Commonwealth v. Derrickson*, 923 A.2d 466, 469 (Pa. Super. 2007)

(stating that "if, after he received the PCRA court's notice of its intent to dismiss, [a]ppellant desired to properly allege any of the exceptions enumerated under 42 Pa.C.S.A. § 9545(b)(1), then he should have sought leave to amend his petition in order to present such allegations"). Because Myer failed to properly preserve the governmental interference exception to the time-bar, we affirm the PCRA court's dismissal of Myer's PCRA Petition.[1]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2016

---

[1] We also note that Myer raised claims regarding prosecutorial misconduct and ineffectiveness. However, these claims do not implicate timeliness exceptions. **See** 42 Pa.C.S.A. § 9543(a)(2); **see also Wharton**, 886 A.2d at 1127 (stating that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").